**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**KEVIN MADGE,**

Civil No. 01-2303 (JMR/JGL)

Petitioner,

v.

**REPORT & RECOMMENDATION**

**ROB MUNDT, Warden, Federal Correctional Institution, Waseca, Minnesota**

Respondent.

---

Kevin Madge, pro se.

Rachel K. Paulose, Esq., Assistant United States Attorney, for Respondent.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Kevin Madge's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Petitioner Madge is a federal prisoner currently serving a 61-month sentence at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca") for maintaining a residence for the purpose of distributing PCP. Petitioner has a projected release date of December 18, 2004, via good time conduct. Petitioner has filed a petition for writ of habeas corpus pursuant to

FEB 27 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") erroneously determined he was not eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). A petition for habeas corpus relief is appropriate when a prisoner challenges the length or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). While Petitioner lists two purported grounds for his petition, both relate to the same claim: the BOP wrongfully construing his prior state conviction for assault in the second degree as an aggravated assault as contemplated by § 3621, thereby rendering him ineligible for early release. Petitioner was convicted of assault in the second degree in Missouri.

Title 18 U.S.C. § 3621 establishes statutory authority for residential drug abuse treatment programs administered by the BOP and includes an incentive provision reducing an inmate's sentence upon successful completion of such a program. See 18 U.S.C. § 3621(e)(2)(B). The provision gives the BOP discretion to reduce the period of incarceration by not more than one year and applies only to prisoners convicted of nonviolent offenses. See id. The statute does not define "nonviolent offenses"; however, Congress intended for the BOP to base sentence reductions on established and "uniformly applied" criteria. See H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993). Accordingly, the BOP promulgated 28 C.F.R. § 550.58, which provides in part that an inmate with a prior felony or misdemeanor conviction for aggravated assault is

not eligible for a § 3621(e)(2)(B) sentence reduction. See 28 C.F.R. § 550.58(a)(1)(iv).

The BOP has preliminarily determined that Petitioner is not eligible for a sentence reduction because of his prior conviction for second degree assault in Missouri. (Benning Decl. at ¶ 5.) Although eligible for the residential drug abuse treatment program, Petitioner has not begun the program. Petitioner states that he does not want to participate in the treatment program until he knows whether he is eligible for a sentence reduction upon completion. (Pet. Response Resp. Mot. to Dismiss at 1.) Petitioner asks the Court to waive the exhaustion of administrative remedies requirement and to review the merits of the BOP's preliminary determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621.

In lieu of an answer, Respondent Mundt filed a Motion to Dismiss, or in the Alternative, for an Enlargement of Time to Respond to the Merits. (Doc. No. 4.) Respondent argues that the instant case should be dismissed because Petitioner has failed to exhaust his administrative remedies.[1]

Petitioner brings the instant petition under 28 U.S.C. § 2241. Under that statute, Petitioner is required to exhaust his administrative remedies before filing a petition for a writ of habeas corpus in District Court.

---

[1]The BOP has established a three step administrative remedy program, codified at 28 C.F.R. § 542, and a prisoner has not exhausted his administrative remedies until he has received a final response from the Central Office of the BOP. In this case, Petitioner has not yet appealed his case to the Central Office of the BOP. (Benning Decl. ¶¶ 6-7.)

See United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000); Zacher v. Tippy, 31 F. Supp.2d 690, 690-91 (D. Minn. 1998) (considering the substance of habeas corpus petition seeking reversal of a denial of sentence reduction under 18 U.S.C. § 3621(e)(2)(B) only after receiving proof that the petitioner had exhausted his administrative remedies).

Petitioner concedes that he has not exhausted his administrative remedies; but asserts that it would be futile to do so because once he completes his treatment program, it will be very close to his projected release date. Petitioner wants to know whether it is worth his time to "start the process." (Pet. Response Resp. Mot. Dismiss at 1.)

The Court finds Petitioner's argument without merit. Courts which have addressed the issue have not required successful completion of treatment programs prior to prisoners seeking sentence reduction eligibility under 18 U.S.C. § 3621. See Perez v. Hemingway, 157 F. Supp.2d 790, 793 (E.D. Mich. 2001); Birth v. Crabtree, 996 F. Supp. 1014, 1016 (D. Or. 1998). These courts have concluded that a habeas corpus petition filed after the BOP's final decision on eligibility for sentence reduction, but before a prisoner completes a treatment program, is ripe for judicial review. See Perez, 157 F. Supp.2d at 793; Birth, 996 F. Supp. at 1015-16. This comports with the spirit of 18 U.S.C. § 3621 which provides for sentence reduction in certain cases as an incentive for prisoners to enter and complete treatment programs. See Johnson v. Crabtree, 996 F. Supp. 999, 1001 (D. Or. 1997). The Court finds

this reasoning compelling and would recommend that the District Court not reject a subsequent habeas corpus petition on the basis that Petitioner has not completed treatment. Thus, Petitioner's concern that he must wait to complete treatment before contesting the BOP's decision is without merit.

Furthermore, Respondent asserts that should Petitioner receive a favorable decision on final administrative review of his claim, there is still time for Petitioner to complete his treatment program and receive time off his sentence. The Court has reviewed Respondent's Attachments and has concluded that the longest a BOP drug treatment program can last is two and one-half years.[2] (Resp. Attach. B at 5.2.1.) Thus, if Petitioner timely began his treatment program, he could achieve successful completion months before his currently scheduled release date.

In addition, there is no evidence that an appeal to the Cental Office for a final administrative determination by the BOP would be futile or that it would take an unreasonable amount of time. In fact, the BOP acted upon Petitioner's original claim and subsequent appeals three different times in less than one month. (Pet. Writ Habeas Corpus at 2.) Petitioner has not provided any compelling reasons why the exhaustion requirement should be waived in

---

[2]The BOP's Residential Drug Abuse Treatment Programs contain three components. (Resp. Attach. B at 5.2.1.) Successful completion of the program occurs when a prisoner successfully completes all three components. (Id.) The first component lasts from six to twelve months. (Id.) The second component lasts twelve months, but may be waived entirely if an inmate is scheduled for a transfer to a community-based program. (Id.) The third component lasts up to six months.

this case. Accordingly, the case should be dismissed without prejudice until Petitioner can seek redress through the administrative procedures afforded him by the BOP. See 28 C.F.R. § 542 (detailing the BOP's three part administrative remedy program). Once Petitioner has exhausted his administrative remedies, he may again file a petition for a writ of habeas corpus, if appropriate.

In his response to Respondent's Motion to Dismiss, Petitioner states that the prison's substance abuse treatment program offers many benefits and can "instill[ ] in [him] the motive of right to keep [him] from returning to the same cycle of destruction." (Pet. Response to Resp. Mot. Dismiss at 2.) The Court agrees with this insightful comment and urges Petitioner to enroll in the treatment program as soon as possible. Regardless of the Court's final decision on the instant petition, Petitioner will be better off for completing the program.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Petitioner Kevin Madge's Petition for a Writ of Habeas Corpus (Doc. No. 1) should be **DISMISSED WITHOUT PREJUDICE**; and

(2) Respondent Rob Mundt's Motion to Dismiss (Doc. No. 4) should be **GRANTED**.

Dated: February 26, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Mar. 15, 2002, with a copy of written objections which specifically identify the portions of the Report or Recommendation to which objection is being made, the basis for the objection(s), and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.